UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAWN MARIE WINN, et al** | § | **CIVIL ACTION 1:23-CV-00414** |
| | § | |
| *Plaintiffs* | § | **JUDGE TERRY A. DOUGHTY** |
| | § | |
| v. | § | **MAGISTRATE JUDGE PEREZ-MONTES** |
| | § | |
| **WAL-MART INC** | § | **JURY TRIAL REQUESTED** |
| | § | |
| *Defendants* | § | |

## AMENDED COMPLAINT

### I. Parties

1. Plaintiffs, **Dawn Marie Winn** and **Marshal W. Winn** are married individuals who now and have been at all times material hereto citizens and residents of the State of Louisiana, domiciled at 1118 McKay Circle, Montgomery, Louisiana 71453 and therefore, citizens and residents of that state for diversity purposes;

2. Defendant, Wal-Mart, Inc., is a Delaware corporation with its principal place of business located in the State of Arkansas, authorized to do and doing business in the State of Louisiana, whose agent for service of process is C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816;

3. Defendant, Wal-Mart Louisiana, LLC, is a Delaware limited liability company whose sole member is Wal-Mart Stores East, LP; Wal-Mart Stores East, LP is a Delaware limited partnership which is comprised of WSE Management, LLC, which is the general partner and is a Delaware limited liability company, and WSE Investment, LLC, which is the limited partner and is

a Delaware limited liability company; the sole member of each of these two limited liability companies is Wal-Mart Stores East, LLC which is an Arkansas limited liability company with its principal place of business in the State of Arkansas. The sole member of Wal-Mart Stores East, LLC is Wal-Mart, Inc., a Delaware corporation with its principal place of business located in the State of Arkansas. WAL-MART, INC. is a Delaware corporation with its principal place of business in the State of Arkansas. Wal-Mart, Inc. does not have a parent corporation nor does any other publicly held corporation own 10% or more of its stock.

## II. Facts

4. On or about February 26, 2022, your petitioner was a patron of the Wal-Mart store #244 located at 5940 Highway 167 N, Winnfield, Louisiana.

5. Said store is owned/operated by either of the defendants, or both of them.

6. Petitioner, Dawn Marie Winn, and petitioner Marshal Winn were walking into a designated entryway to the store, when suddenly Dawn Winn tripped on the store entrance's uneven wet floor mats and fell to a full frontal face-down position upon the concrete floor of the entrance.

7. The condition of the mats was present because of employees of defendant pushing shopping carts into the store and wrinkling the floor mats laying in, around, before, or after the entrance and because of the wet condition of the mats and surrounding floor causing the area to retain water and become slippery, and because of employees failing to notice the condition of the wet and wrinkled mats, and wet floor, and to take sufficient steps to protect patrons, including your petitioner from the harm caused by the condition of the mats and floor.

8. The condition described in the preceding paragraph and its danger was caused by and/or known, or should have been known, to the Wal-Mart employees due to their activity and

presence near, over, and on top of the mats, including placing and maintaining the mats at the entrance of the store subject to outside water being tracked into the store, and by their pushing shopping carts into the store and wrinkling the floor mats laying in, around, before, or after the entrance and causing and failing to protect customers from the wet condition of the mats and surrounding floor; further, there were no cones or wet floor signs around the watery floor area near or where the accident occurred.

### III. Violations of Law

9. The actions of the Wal-Mart employees were in violation of a duty owed Wal-Mart Inc., to all patrons and invitees, and specifically, to petitioner, to exercise due caution and not to create an unreasonable risk of harm by causing dangerous and damaging conditions to exist in the high-traffic entrance/exits of the store.

10. Said accident presented an unreasonable risk of harm to the claimant and other patrons, which risk of harm was reasonably foreseeable by employees of Walmart Inc.; yet employees of Walmart Inc., failed to exercise reasonable care by not drying the mats nor drying the floor's wet spot, and by not smoothing the wrinkles from the mats, warning about the wrinkled and wet conditions, nor directing patrons away from the wet and uneven area.

### IV. Resulting Damages to Plaintiffs

11. Petitioners show that as a result of the fall described above, petitioner Dawn Winn suffered immediate, lingering, and long-lasting pain relative to right shoulder impingement, supraspinatus tendinosis with a partial thickness rotator cuff tear, biceps tenosynovitis and superior glenoid labral tear; petitioner Dawn Winn is post arthroscopic surgery on her right shoulder, but with partial loss of movement, popping in the shoulder, and continued pain.

12. As a result of petitioner Dawn Winn's injuries, petitioners have additionally incurred past paid and due medical expenses and will incur medical expenses in the future.

13. As a result of her injuries, petitioner Dawn Winn has suffered and will suffer temporary partial disability, pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, humiliation, and inconvenience, temporary full disability, general damages, the incurring of medical expenses, and lost wages/benefits normally provided by her employer; petitioner Dawn Winn has also suffered loss of consortium, society, and services normally performed by her husband, Marshal Winn.

14. As a result of the accident, petitioner Marshal W. Winn has suffered loss of consortium, society, and services normally performed by his wife, Dawn Marie Winn, and has incurred medical expenses for treatment for his wife.

15. Petitioners desire and are entitled to a judgment against Wal-Mart Inc. and Wal-Mart, Louisiana, LLC, for an amount sufficient to compensate them for all of Mrs. Winn's injuries and for the damages suffered to petitioners as described above, with judicial interest as allowed by law.

## V. Prayer for Relief

16. For these reasons, Plaintiffs pray for judgment against the Defendants for the following:

    a. For general, special and actual damages according to proof at trial;

    b. For incidental and consequential damages according to proof at trial;

    c. Any diminution in value of the attributable to the defects;

    d. Past and future economic losses;

    e. Medical expenses;

    f.      Prejudgment and post-judgment interest;

    g.      Costs of suit, expert fees and litigation expenses; and

    h.      All other relief this Honorable Court deems appropriate.

### VI. Demand for Jury Trial

17. Plaintiffs hereby demand trial by jury to the extent authorized by law.

                    S/ Fred A. Pharis
                  **FRED A. PHARIS**
                  of **PHARIS LAW OFFICES**
                  831 DeSoto Street
                  Alexandria, LA  71301
                  Telephone:  (318) 445-8266
                  Facsimile:  (318) 445-5981
                  email: fpharis@pharislaw.com
                  LA Bar Roll No. 1536
                  **ATTORNEY FOR DAWN MARIE WINN**
                  **and MARSHAL W. WINN**